McBRIDE, Judge.
The issue herein involves a claim on an open account for the price of a sofa purchased from plaintiff on February 2, 1962, for $309. The defense is that when delivered to defendant’s home, the sofa was not in the same condition it was when purchased in that there was upon it a grease spot or streak which was not present previously which rendered the article not suited for the use intended; that the parties entered into an agreement to the effect that defendant’s wife would have the sofa cleaned so as to remove the grease and plaintiff would defray the expense incurred by allowing a credit on defendant’s account for $13.39, representing the costs; that during the process of cleaning the sofa, the fabric thereon shrank and caused the sofa to be ruined. After trial there was judgment in favor of defendant dismissing plaintiff’s claim, the judgment ordering that:
“ * * * said defendant make said lounge available unto said plaintiff for the return thereof in exchange for a credit to the account of defendant in the aforesaid amount.”
Plaintiff appealed.
*544 The original value of the sofa was $549. It had lain in plaintiff’s store or warehouse for some time and was soiled and shopworn when defendant’s wife purchased it “as is” for $300, plus sales tax, under an agreement that plaintiff would reupholster one or both of the arms. The reupholstering contemplated was performed, and in due course the sofa was delivered,to defendant’s home. Defendant’s wife noticed, upon the delivery, that it had a grease spot or streak along the apron thereof which had not existed when she bought the article; this she ■called to the attention of plaintiff’s employees making the delivery and they advised her to call plaintiff’s store regarding her complaint and she says she did so in less than a week.
Mrs. Kritikos testified she spoke with ■“several different departments” and ultimately with plaintiff’s manager; that during one of the conversations the manager inquired how much it would cost to have the sofa cleaned; Mrs. Kritikos, after securing a bid from a professional cleaner, again telephoned the manager and gave him the figure, and he said “fine,” and an agreement was made that Mrs. Kritikos was to have the cleaning attended to and plaintiff was to credit defendant’s account for the cost thereof.
Unfortunately, during the process of the cleaning the fabric on the sofa shrank to such an extent that the sofa was ruined.
On the other hand, plaintiff’s manager, while admitting Mrs. Kritikos’ complaints about the grease spot or streak, says that she did not call him until “approximately” a week after delivery. He denies the allowance of the $13.39 credit was to defray the cost of cleaning and insists said allowance was intended to be a full and final adjustment of the matter insofar as the grease spot or streak was concerned. He also contends that “we” urged Mrs. Kritikos not to have the upholstery cleaned, but notwithstanding this admonition, she proceeded on her own accord to have the work done. The assertion by the manager of the supposed warning to Mrs. Kritikos is contradicted by her testimony and is not borne out by any evidence except his own. We notice from a reading of the manager’s testimony that he at no time ever made the statement that he or anyone else advised Mrs. Kritikos not to have the work done. All the manager says was that plaintiff does not recommend the cleaning of upholstery, but it is not shown such was told Mrs. Kritikos.
The testimony of defendant’s wife convinces us that although the sofa was shopworn and used, it was serviceable when she purchased it, but when delivered the sofa was marred to such an extent by the grease that it was unfit for the purposes for which she had made the purchase — hence her agreement with plaintiff to have the sofa cleaned.
In this case only a question of veracity is involved. The trial judge, according to the reasons he dictated into the record, believed what Mrs. Kritikos had to say. Appellant would have us disregard the lady’s testimony and accept in its place that of plaintiff’s manager, the argument being that the manager’s testimony is the more worthy of belief. We cannot agree with this contention. If the trial judge believed Mrs. Kritikos, we know of no reason to disbelieve her and no manifest error appears in the judgment.
Defendant is entitled to a rescission of the sale on the ground that the purchased article was in a different state than when the agreement to purchase was entered into, it having become damaged and unserviceable through no fault of the purchaser and while in the possession of the seller before delivery. LSA-C.C. art. 2468 provides that until the thing sold is delivered to the buyer, the seller is obliged to guard it as a faithful administrator; and if, through want of this care, the thing is destroyed, or its value diminished, the seller is responsible for the loss.
*545 The agreement to have the sofa cleaned was entered into for the benefit of the seller, the hope being that through cleaning the sofa would serve the purchaser’s intended use, and whereas the thing perished' during the process of cleaning, we think it can be held that the ruination of the sofa occurred through the badness of its quality and the seller should stand the loss.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.